# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JERRY OUSLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:20-CV-01223-NCC |
| DORIS FALKENRATH,[1] | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent has filed a response (Doc. 7) and Petitioner has filed a traverse (Doc. 15). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 6). Respondent argues that the Petition is untimely (Doc. 7 at 5-8). The Court agrees and will therefore **DENY** the Petition and **DISMISS** the case.

## I. PROCEDURAL HISTORY

On February 16, 2016, the Missouri Court of Appeals affirmed Petitioner's conviction (Doc. 7-14; *State v. Ousley*, 481 S.W.3d 893 (Mo. Ct. App. 2016)).[2] No motion for rehearing or application for transfer was filed. Petitioner filed a pro se motion for post-conviction relief on April 25, 2016 (Doc. 7-19 at 9-28). On December 7, 2018, the Missouri Court of Appeals issued its mandate in Petitioner's post-conviction appeal (Doc. 7-21). On January 7, 2019, Petitioner

---

[1] Petitioner is incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri where Doris Falkenrath is the current Warden. Therefore, Doris Falkenrath should be substituted as the proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

[2] This was Petitioner's second direct appeal, as his conviction had been previously reversed and remanded.

filed a motion to recall the mandate (Doc. 7-22), which was denied on January 9, 2019 (Doc. 7-23).

Petitioner filed a Rule 91 state petition for writ of habeas corpus in the Circuit Court of Cole County, Missouri on August 6, 2019 (Doc. 7-24). The Circuit Court denied the petition on December 9, 2019 (Doc. 7-25). Petitioner then filed a Rule 91 petition with the Missouri Court of Appeals on April 10, 2020 (Doc. 7-26). Petitioner ultimately filed his federal petition for writ of habeas corpus in this action on September 9, 2020 (Doc. 1).

## II. DISCUSSION

Respondent argues that the Petition is untimely (Doc. 7 at 5-8). The Court agrees. On February 16, 2016, the Missouri Court of Appeals affirmed Petitioner's conviction (Doc. 7-14; *State v. Ousley*, 481 S.W.3d 893 (Mo. Ct. App. 2016)). No motion for rehearing or application for transfer was filed. Therefore, Petitioner's one-year limitation period began to run on March 2, 2016. *See* 22 U.S.C. § 2244(d)(1)(A) (limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such"); *Borschnack v. Brewer*, No. 4:21-CV-01420-NAB, 2022 WL 444037, at *2 (E.D. Mo. Feb. 14, 2022) ("When a Missouri prisoner files a direct appeal, but does not file a motion to transfer to the Missouri Supreme Court, the statute of limitations begins to run fifteen (15) days after the Missouri Court of Appeals affirms the conviction, at the point when the prisoner can no longer seek further review.") (citing *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015)); Mo. Sup. Ct. R. 83.02 (application for transfer "shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").[3] Thus, 54

---

[3] Interestingly, Respondent asserts, with authority, that the limitation period begins to run the day *after* the event triggering it based on Federal Rule of Civil Procedure 6(a)(1)(A). *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012) (applying Rule 6(a)(1)(A) to AEDPA statutes of limitations and excluding from the time computation the day of the event that triggers the time

days elapsed before Petitioner filed his pro se motion for post-conviction relief on April 25, 2016 (Doc. 7-19 at 9-28). *See* 22 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted"); *Clark v. Blair*, No. 4:19-CV-907 SRW, 2021 WL 22580, at *3 (E.D. Mo. Jan. 4, 2021) (pro se post-conviction motion tolls statute of limitations).

On December 7, 2018, the Missouri Court of Appeals issued its mandate in Petitioner's post-conviction appeal (Doc. 7-21). *See Clark*, 2021 WL 22580, at *3 (statute of limitations no longer tolled upon issuance of mandate in post-conviction appeal). Thus, another 31 days elapsed before Petitioner filed his motion to recall the mandate on January 7, 2019 (Doc. 7-22). *See Bishop v. Dormire*, 526 F.3d 382, 383–84 (8th Cir. 2008) (motion to recall the mandate tolls the statute of limitations).

Petitioner's motion to recall the mandate was denied on January 9, 2019 (Doc. 7-23). *See Bishop*, 526 F.3d at 383–84 (statute of limitations no longer tolled upon denial of motion to recall the mandate). Thus, another 209 days elapsed before Petitioner filed his Rule 91 state petition for writ of habeas corpus in the Circuit Court of Cole County, Missouri on August 6, 2019 (Doc. 7-24). *See Polson v. Bowersox*, 595 F.3d 873, 875–76 (8th Cir. 2010) (Rule 91 petition tolls the statute of limitations).

The Circuit Court denied the petition on December 9, 2019 (Doc. 7-25). *See Steward v. Stange*, No. 4:19 CV 1170 CDP, 2022 WL 4078900, at *5 (E.D. Mo. Sept. 6, 2022) (statute of limitations no longer tolled upon denial of Rule 91 petition by circuit court). Thus, another 123

---

period) (citing *Moore v. United States,* 173 F.3d 1131, 1133-35 (8th Cir. 1999)). The Court need not decide the issue here. Under either calculation, the Petition is untimely.

days elapsed before Petitioner filed his Rule 91 petition with the Missouri Court of Appeals on April 10, 2020 (Doc. 7-26).

Therefore, by the time Petitioner filed his Rule 91 petition with the Missouri Court of Appeals on April 10, 2020, a total of 417 days had elapsed, exceeding the one-year statute of limitations.  Petitioner did not file his federal petition for writ of habeas corpus until September 9, 2020 (Doc. 1).  The Court finds that the Petition is untimely.

Petitioner does not argue any grounds for equitable tolling.  Rather, Petitioner states, "[b]ecause Petitioner's original habeas corpus action in state court under Rule 91 was filed before the one-year limitation period had expired pursuant to § 2244(d)(1), this Court should find that petitioner is entitled to toll the limitation period while his state habeas corpus case was pending until it was finally disposed of in state court proceedings" (Doc. 15 at 2-3).  Petitioner misunderstands the law.  There is no right of appeal from the denial of a Rule 91 petition for writ of habeas corpus.  *Steward*, 2022 WL 4078900 at *5.  Petitioner's filing of a Rule 91 petition with the Missouri Court of Appeals was an independent action and not a continuation of the circuit court action by appeal.  *See id*.  Thus, the time that elapsed between the circuit court's dismissal and Petitioner's filing of a new Rule 91 petition with the court of appeals was not tolled.  *See id*.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*,

4

297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 25th day of September, 2023.

                                                /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE